UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br>18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01781; 19-cv-01783; 19-cv-01785; 19-cv-01788; 19-cv-01791; 19-cv-01792; 19-cv-01794; 19-cv-01798; 19-cv-01800; 19-cv-01801; 19-cv-01803; 19-cv-01806; 19-cv-01808; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01815; 19-cv-01818; 19-cv-01866; 19-cv-01867; 19-cv-01868; 19-cv-01869; 19-cv-01870; 19-cv-01871; 19-cv-01873; 19-cv-01894; 19-cv-01896; 19-cv-01918; 19-cv-01922; 19-cv-01926; 19-cv-01928; 19-cv-01929; 19-cv-01931; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO BERNIE MADOFF AND/OR PONZI SCHEMES**

Defendants respectfully request that the Court preclude Plaintiff Skatteforvaltningen ("SKAT") from introducing as evidence, referencing, or making as argument at trial analogies related to Bernie Madoff or to Ponzi schemes more broadly. The invocation of such sensational schemes—which have no relevance to this action—would be unfairly prejudicial to Defendants, would confuse the issues in the consolidated trial, would mislead the jury, and would not have any discernable link to any fact or issue of consequence to the determination of the action. It should be excluded.

SKAT has suggested that it will invoke Madoff and Ponzi schemes in the testimony it will offer from its forensic analyst Bruce Dubinsky, if not more broadly. In his expert reports, Dubinsky makes passing reference—constituting, in total, one bullet point, one sentence, and two footnotes—to his work on the Madoff investigation. In addition to noting his own professional experience on those cases, Dubinsky compares the facts of the Madoff scheme with the facts at issue here. Among other things, Dubinsky opines that "like the Madoff case, the fact that there are trading documents that reflect trades is not proof that the transactions here were real." Although SKAT is free to argue that evidence of documents reflecting trading do not prove legitimate trading, SKAT should not be permitted to supplement that argument by invoking one of the most notorious fraudsters of the past century.

References and analogies to Madoff and Ponzi schemes have no relevance to this case. SKAT has never alleged that Solo Capital was running a Ponzi scheme. Nor has SKAT alleged any connection between any defendant in this case and Madoff. The only conceivable relevance of the Madoff cases is in the context of presenting Dubinsky's credentials, and the Defendants have no objection to Dubinsky describing his own work on the Madoff cases within the context of a presentation of his background and professional experience. But the Court should preclude

SKAT from going further by offering evidence and argument relating to Madoff and Ponzi schemes, neither of which is at issue here. There is no fact of consequence to this case that becomes more or less probable (Fed. R. Evid. 401) as a result of evidence or argument relating to the facts of the Madoff scheme, which are not at issue in this case.

Given the extraordinary notoriety of Madoff, comparisons between the facts of Madoff's case and this litigation are not only irrelevant but unfairly prejudicial. Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…." Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982) (quoting Advisory Committee Note to Fed. R. Evid. 403). Put differently, "courts should be sensitive to any 'unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.'" *Id.* (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure s 5215 at 275 (1978)). Similarly, evidence that unfairly confuses the issues or misleads the jury should be excluded, because it "may cause [the] jury to base its decision on something other than the established propositions in the case." *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 269 (2d Cir. 1999) (quoting 2 *Weinstein's Federal Evidence* § 403.04[1][b], at 403-36 (2d ed. 1998)).

Any references or analogies to Bernie Madoff or to Ponzi schemes would irrevocably prejudice Defendants at trial. As this Court well knows, Madoff, who was based in Midtown Manhattan and pleaded guilty and was sentenced in this very court, devised the largest and most notorious Ponzi scheme in modern history, and simply the mention of his name engenders

extremely strong negative reactions.[1]  And even without the Madoff name in the mix, the term "Ponzi scheme" evokes powerful emotions because the victims of such schemes often lose everything—their savings, their homes, and their dignity.[2]  Were SKAT to reference Ponzi schemes (or Madoff specifically), it would be inviting the jury to decide the case on an "improper … emotional" basis, rather than on the facts and the law.  *Birney*, 686 F.2d at 106.

Moreover, any such references to Ponzi schemes would confuse the issues and mislead the jury, because the alleged conduct at issue here bears no resemblance to a Ponzi scheme.  "A Ponzi scheme is 'an investment fraud that involves the payment of purported returns to existing investors from funds contributed by new investors.'"  *In re Bernard L. Madoff Investment Securities LLC*, 12 F.4th 171, 179 (2d Cir. 2021) (quoting *Picard v. Gettinger (In re BLMIS)*, 976 F.3d 184, 188 n.1 (2d Cir. 2020)).  Here, by contrast, SKAT has alleged that Defendants engaged in a "fraudulent tax refund scheme that deceived SKAT into paying out" large sums of "allegedly withheld dividend tax."  *See, e.g.*, *Skatteforvaltningen v. van Merkensteijn*, Case No. 19-cv-10713, Am. Compl. (ECF No. 58) ¶ 2.  There are no allegations in any of the cases in the consolidated trial that Defendants ever participated in anything resembling a Ponzi scheme, and any suggestion to the

---

[1]  *See, e.g.*, Oliver O'Connell, *Bernie Madoff: Twitter Reacts to Death of Notorious Ponzi Mastermind*, Independent (Apr. 15, 2021), https://www.independent.co.uk/news/world/americas/bernie-madoff-death-reaction-victims-b1831620.html ("YouTuber Brooklyn Dad Defiant posted: 'Bernie Madoff ruined people's lives when he ripped off thousands of people for many millions of dollars and now he's dead.  Good riddance.'"); *id.* ("'Bernie Madoff is in hell. The devil will be broke in 18 months,' said a post on the Twitter account TheTweetofGod.").

[2]  *See, e.g.*, *Alameda Man Pleads Guilty in Ponzi Scheme That Defrauded At Least 20 Victims Out of Millions*, CBS News (Mar. 5, 2024 9:04 AM), https://www.cbsnews.com/sanfrancisco/news/alameda-man-long-nguyen-pleads-guilty-ponzi-scheme-fraud-millions/ (Ponzi scheme mastermind defrauded his victims out of "millions of dollars" by "making false claims about himself, his investment opportunities, how he would invest his victims' money, and what he did with the funds"); Dion Lim, *$39M Ponzi Scheme Victims Detail How They Lost Their SF Home, Thousands of Dollars*, ABC 7 News (May 5, 2023), https://abc7news.com/ponzi-scheme-derek-chu-alamo-woman-loses-home-bay-area/13216240/ ("In many of those cases, victims say they were scammed out of not only hundreds of thousands of dollars - but their homes."); Caresse Jackman, *Advocacy Group Helps Victims Overcome the Shame of Fraud*, KCBD 11 (June 12, 2024 3:02 PM), https://www.kcbd.com/2024/06/12/advocacy-group-helps-victims-overcome-shame-fraud/ ("shame and sadness is a common occurrence for fraud victims").

contrary at trial will undoubtedly confuse the jury and invite it to "base its decision on something other than the established propositions in this case." *Leopold*, 174 F.3d at 269.

Under analogous circumstances, a judge in this District refused to allow the Securities and Exchange Commission ("SEC") to refer to a defendant company, American Growth Funding II ("AGF II"), that it had sued for securities fraud as a "Ponzi scheme" at trial, because such references "would needlessly lengthen this trial and cause confusion and prejudice." *Securities & Exchange Commission v. American Growth Funding II, LLC*, 2019 WL 1748186, at *3 (S.D.N.Y. Apr. 19, 2019) (KMW). The court reasoned:

> The SEC did not bring a claim in this case that AGF II is a Ponzi scheme. Use of the term would cause an unnecessary digression into the structure of a Ponzi scheme and argument regarding whether AGF II was a Ponzi scheme. Referring to AGF II as a Ponzi scheme makes it more likely than not that the jury would conflate this case with high-profile cases involving Ponzi schemes, even though there is no allegation in this case that AGF II is a Ponzi scheme. Use of the term would thus confuse the jury, and its probative value is substantially outweighed by the risk of unfair prejudice.

*Id.*

So it is here. Because there are no allegations in this consolidated trial that Defendants ever engaged in a Ponzi scheme, any evidence presented to suggest the existence of a Ponzi scheme would be irrelevant—it would not help to "prove some fact or issue 'of consequence to the determination of the action.'" *United States v. Figueroa*, 618 F.2d 934, 939 n.2 (2d Cir. 1980) (quoting Fed. R. Evid. 401). Given that irrelevant evidence carries little to no probative value, *see, e.g.*, *United States v. Ray*, 2022 WL 558146, at *7 (S.D.N.Y. Feb. 24, 2022), it follows inevitably that the probative value of any references to Ponzi schemes or Bernie Madoff would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, *see American Growth Funding II*, 2019 WL 1748186, at *3. Any such references should thus be excluded.

- 6 -

## CONCLUSION

For the foregoing reasons, SKAT should be precluded from making references to Ponzi schemes or to Bernie Madoff at the consolidated trial because those references are irrelevant and to safeguard Defendants from the danger of unfair prejudice, confusing the issues, and misleading the jury.

Dated: New York, New York
August 15, 2024

Respectfully submitted,

/s/ *Peter G. Neiman*
Boyd M. Johnson
Peter G. Neiman
Alan E. Schoenfeld
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Peter.Neiman@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com

Andrew S. Dulberg
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

*Attorneys for Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan*

*Trust, Routt Capital Pension Plan, Routt Capital Trust*

/s/ *Sharon L. McCarthy*
Sharon L. McCarthy
KOSTELANETZ LLP
7 World Trade Center
250 Greenwich Street
34th Floor
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com

Nicholas S. Bahnsen
Daniel C. Davidson
KOSTELANETZ LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
(202) 875-8000
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pensión Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

/s/ *David L. Goldberg*
David L. Goldberg
Michael M. Rosensaft
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
david.goldberg@katten.com
michael.rosensaft@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

/s/ *Thomas E.L. Dewey*
Thomas E.L. Dewey
Sean K. Mullen
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue
37th Floor
New York, New York 10017
(212) 943-9000
tdewey@dpklaw.com
smullen@dpklaw.com

/s/ *Elliot R. Peters*
Elliot R. Peters
Julia L. Allen
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 962-7188
epeters@keker.com
jallen@keker.com

*Attorneys for Defendant Michael Ben-Jacob*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024 the foregoing document was served electronically to all parties of record by the CM/ECF system.

August 15, 2024

*/s/ Peter G. Neiman*
Peter G. Neiman