UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND
LITIGATION

18-md-2865 (LAK)

This paper applies to:        Trial One Cases[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

With appreciation for the parties' efforts to elucidate the question whether the law

of Denmark requires proof of fraud by clear and convincing evidence, a preponderance of the

evidence, or by some other formulation more or less analogous to one of them, the Court requires

information beyond the materials presented thus far.

Plaintiff's expert has provided no statutory, precedential or academic support for his

assertion that the general standard of proof under Danish law in civil cases is the greater weight, or

the preponderance, of the evidence with unspecified exceptions in individual cases.  He contends

further that there is no basis in contemporary Danish legal literature for assuming that, in civil cases,

Danish courts require a higher standard of proof.

Defendants' expert argues that plaintiff's expert's view "does not capture the nuances

---

[1]

18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

that exist in Danish law regarding the standard of proof." He relies on a Danish statute which, in translation, states that "[o]n the basis of what has passed during the negotiations and the presentation of evidence, the court shall decide which facts shall form the basis for the adjudication of the case." But that quotation, standing alone, begs the question whether any legal standard defines the quality and quantum – the weight – of evidence required for such a decision to be legally permissible and, if so, the content of that standard. And while he has quoted from a few academic writings, those quotations are not significantly supported by reference to any case or statutory law, and do not identify the appropriate standard of proof for a fraud claim. He refers also to a few judicial decisions from which he draws inferences, but none of those decisions has been provided to the Court.

In the circumstances, the parties shall exchange and provide the Court with more detailed submissions. All Danish language text and statutory authorities relied upon previously or in the new submissions shall be in certified or agreed English translation to the extent the material is pertinent to the question before the Court. In the case of judicial decisions the entire decisions shall be so provided.

The Court will consult with counsel tomorrow concerning the timing of these submissions.

SO ORDERED.

Dated:        January 14, 2025

_____
Lewis A. Kaplan
United States District Judge